UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-123229-RGS

RICHARD MARTIN

v.

DOJ

MEMORANDUM AND ORDER

October 9, 2015

STEARNS, D.J.

For the reasons stated below, the court (1) grants the plaintiff's motion for leave to proceed *in forma pauperis*; (2) denies without prejudice the motion to file electronically; (3) grants the motion for email notification and (4) directs the plaintiff to show cause why this action should not be dismissed; or, alternatively, file an amended complaint that corrects the pleading deficiencies noted below.

## BACKGROUND

On August 25, 2015, pro se litigant Richard Martin filed a one-page "complaint statement" with copies of (1) an email from plaintiff to an FBI agent dated August 19, 2015; and (2) plaintiff's hospital discharge instructions dated August 20, 2015. The civil cover and category sheets accompanying the complaint identify the "DOJ" as defendant.

As best can be gleaned from plaintiff's statement, he contends that he was subjected to "an attempted homicide" on August 19, 2014, when an unnamed court security officer at the Salem District Court "dragged [plaintiff] from the courtroom." Plaintiff further alleges that his "hands and feet were bound [when the court security officer] pushed [plaintiff] into a cell backwards [causing plaintiff's head to bounce] on the concrete floor." As a result, plaintiff suffered a concussion. After the alleged incident, plaintiff sent an email to the Boston office of the FBI requesting an investigation. The following day, on August 20, 2015, plaintiff was seen at Massachusetts General Hospital and was diagnosed with a concussion. Plaintiff complains

that the FBI has not investigated his complaint.

With the complaint, plaintiff filed motions to proceed in forma pauperis, for permission to file electronically and for email notification.

## DISCUSSION

### I.   Motion for Leave to Proceed In Forma Pauperis

Upon review of the plaintiff's motion fo leave to proceed *in forma pauperis*, the Court concludes that he has shown that he is without assets to pay the filing fee.  Accordingly, the Court ALLOWS the motion.

### II.   Motions for Permission to File Electronically and for Email Notification

Plaintiff's motion for email notification is ALLOWED and the clerk will be directed to add plaintiff's email address to the cm/ecf docket.  However, plaintiff's motion for permission to file electronically is DENIED without prejudice.

### III.   Screening of the Complaint

#### A.   Failure to Comply with Rule 8(a) of the Federal Rules of Civil Procedure

Because the plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).  In conducting this review, the court liberally construes the plaintiff's complaint because he is proceeding pro se.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Here, Martin has failed to state a claim upon which relief may be granted because the complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  This rule requires, among other things, that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's

claim is and the grounds upon which it rests." *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quoting *Educadores Puertorriqueños en Acción v. Hernández*, 367 F.3d 61, 66 (1st Cir. 2004)).  This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." *Id.* (quoting *Educadores*, 367 F.3d at 68).  Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements." *Id.* (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)).

   Although Martin identifies the United States Department of Justice ("DOJ") as the sole defendant, his "complaint" fails to mention the DOJ.  The complaint contains vague allegations concerning (1) unspecified actions by the Redline Cafe; (2) misconduct by a security guard; and (3) the FBI's failure to investigate his complaint.  Martin's complaint has not identified who the defendants are and the court cannot assume that the plaintiff intends to bring claims against the various people and/or entities mentioned in his documents.  Further, Martin has not identified what his legal claims are and the court cannot decide for him on what legal theory he might pursue relief against a particular defendant.  Patten's complaint is subject to dismissal because he has failed to provide a "short and plain statement of the claim."

   **B.**  **Failure to State a Claim for Failure to Investigate**

   Under the United States Constitution, it is the Executive Branch of the federal government, and not the Judicial Branch, that is responsible for conducting criminal investigations and bringing criminal charges, if warranted.  The Constitution precludes the federal courts from interfering in these responsibilities of the Executive Branch. *See United States v. Nixon*, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000) ("The decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws

are enforced.).  Therefore, the Court lacks the authority to compel or review any ongoing criminal investigation or complaint, as plaintiff seems to request.

### C. Order to Show Cause or, alternatively, to File an Amended Complaint

If Martin wishes to pursue this action, he must show cause why this action should not be dismissed; or, alternatively, file an amended complaint that corrects the pleading deficiencies of his complaint.  If he files an amended complaint, it must clearly identify who the defendants are, what each defendant did wrong, and the legal claim against each party.  As an amended complaint completely supercedes the original complaint, *see Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008), Martin should repeat in any amended complaint anything from the original complaint that he wishes to be part of the amended complaint.  In other words, in evaluating the sufficiency of an amended complaint, the court will *not* look to the original complaint.

The court also notes other provisions of the Federal Rules of Civil Procedure that are applicable to the drafting of a complaint.  The title of the amended complaint must name all the parties.  *See* Fed. R. Civ. P. 10(a).  Claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Further, where a plaintiff brings claims against more than one defendant in a single lawsuit, the claims must be limited to those "arising out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a)(2)(A).

### ORDER

For the foregoing reasons:

(1) The motion for leave to proceed *in forma pauperis* (#2) is <u>ALLOWED</u>.

(2) The motion to file electronically (#3) is <u>DENIED</u> without prejudice.

(3) The motion for email notification (#4) is ALLOWED to the extent that the clerk shall add plaintiff's email address [RichardB.MartinJr@gmail.com] to the cm/ecf docket.

(4) If the plaintiff wishes to pursue this action, he must, within thirty-five (35) days of the date of this Memorandum and Order, show cause why this action should

not be dismissed; or, alternatively, file an amended complaint that corrects the pleading deficiencies noted herein.  Failure to comply with this order will result in dismissal of the action without prejudice.

    SO ORDERED.

    /s/ Richard G. Stearns
    UNITED STATES DISTRICT JUDGE